39 F.3d 1190
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raul SANTANA-LOPEZ, charged as Raoul Lopez, Defendant-Appellant.
 No. 94-50150.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 3, 1994.
 
 Appeal from the United States District Court, for the Southern District of California, D.C. No. CR-93-00280-01-ML; Marilyn L. Huff, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before: CANBY, LEAVY, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raul Santana-Lopez appeals from the sentence he received after pleading guilty to unlawful use of a communication facility in violation of 21 U.S.C. Sec. 843(b), arguing that the district court erred by enhancing his sentence as a career offender under U.S.S.G. Sec. 4B1.1 without allowing Santana-Lopez to challenge the constitutionality of one of his underlying felony convictions. Because the Sentencing Guidelines do not provide an independent basis for collaterally attacking prior felony convictions, United States v. Fondren, 32 F.3d 429, 430 (9th Cir.1994), a defendant may not mount a constitutional challenge to prior convictions used for sentence enhancement under U.S.S.G. Sec. 4B1.1. United States v. Burrows, No. 93-50142, 1994 WL 525971, * 9 (9th Cir. Sept. 29, 1994).
 
 
 3
 Appellant also argues that application of 'career offender' status to him without the right to appeal the constitutionality of his prior conviction is inconsistent with the foreseeable effect of his plea agreement. This argument is meritless. The agreement itself explicitly anticipates the possibility of being sentenced as a career criminal as determined by federal sentencing law. See Supp. ER 2, Paragraphs 2, 3, 9, and 10. That appeal on the issue of his prior conviction might be foreclosed by federal law is therefore not inconsistent with any provision of the plea agreement.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3